### THE STATE v. ADAM DRESCH.

Decided February 28, 1923.

**Alleged Error of Trial Court in Ruling on Evidence, in Charge to Jury—Verdict Alleged Contrary to Evidence.**

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Harold Simandl.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendant, a member of the police force of the city of Newark, was convicted upon an indictment charging him with an assault and battery on one Frank Tichenor, alleged to have been committed in one of the county parks, known as Weequahic park, on the 15th of March, 1922, and he has

sued out the present writ of error to test the validity of that conviction.

Three grounds are urged for the reversal of this conviction. The first is rested upon an alleged error of the trial court in ruling upon evidence; the second upon alleged error in the charge to the jury, and the third upon the proposition that the verdict of guilty was contrary to the weight of the evidence.

The first ground of reversal is directed at the admission by the trial court, over the objection of defendant's counsel, of the following question, asked of Lieutenant Harris, the officer in charge of the sixth police precinct of the city of Newark: "Is or is not Weequahic park included as a part of the patrol duty of the officers who patrol the posts bordering on the park?" The park had been shown to be within the territory of the sixth precinct, and it had also been shown that it was a part of the duty of the defendant, as a member of the police force, to patrol such portions of the precinct as were assigned to him by the officer in charge of it. The proof showed that the assault upon Tichenor was committed by a person dressed in the uniform of a Newark police officer, and the purpose of the question was to show that this man, if he was a member of the Newark police force, had no business in the park as a part of his patrol duty. The ground of the objection was that "a police officer has the right to arrest anyone if he sees a crime committed." The soundness of this proposition cannot be controverted; but it had no bearing upon the question of the admissibility of the evidence objected to, for the reason that there was no pretence that the assault in question was committed upon a man who was engaged in the commission of a crime. On the contrary, so far as the proof showed, it was absolutely without legal justification. The ground of objection being without merit, it was, consequently, proper for the trial court to refuse to exclude the question for that reason. It may be added that the testimony was properly admitted for the reason that it tended to show that the defendant, if he was the person who committed the assault, was not in the park in his official

capacity, and had no right to interfere with Tichenor, so long as he was not in fact violating any law of the state or the city.

The next objection is to the following instruction to the jury: "You have had before you the officers on the posts surrounding or near the park, or who say they were on those posts. You have had an opportunity to observe them, to compare their appearance with that of the defendant, and you may think it important to consider this evidence because it is evidence in the case—upon the issues in this case—and particularly on the question of identification, the defendant's identification by Mr. Tichenor and Miss Clinton" (Miss Clinton being in Mr. Tichenor's company at the time the assault was committed). The propriety of this instruction is challenged upon the ground that the court by it restricted the latitude of the comparison which the jury was compelled to make because of the fact that the evidence did not show that every member of the police force on the posts surrounding or near the park had been produced before the jury. The answer to this contention is that there was no compulsion exercised upon the jury in that regard; and, in addition, it may be said that the mere fact that it did not appear that all the members of the police force referred to were present before the jury only affected the weight to be given to the comparison and not the question of its propriety. It is further objected that by this instruction the jury was practically told that, as Mr. Tichenor and Miss Clinton had identified the defendant in the presence of the jury, the defendant, Dresch, must have been the man who committed the assault, unless one or other of the police officers present before the jury looked like him. It is enough to say that we find no suggestion of that kind in the instruction complained of.

Lastly, it is said that this verdict is against the weight of the evidence. A reading of the testimony satisfies us that this contention is without merit. On the contrary, we think the finding was entirely justified on the evidence submitted.

The judgment under review will be affirmed.